Douglass, J.
This was an action in the court below for damages, by Mary C. Fowler v. Charles W. Hendricks, for an assault and battery. The case was tried to a jury and resulted in a verdict of $225, in favor of plaintiff; and error is prosecuted in this court. The principal errors assigned are: Errors in the admission and exclusion of evidence by the court; that the verdict is against the weight of the evidence, and error in the charge of the court. Especial reference is-made to pages 115 and 116 of the charge. The errors claimed in the admission and exclusion of evidence are embraced under the propositions: Evidence admitted respecting the
charge and the plea of guilty before the justice of the peace; evidence as to the wealth of the defendant below, Charles Hendricks, as it might show his ability to respond to damages; and evidence permitted in reply or rebuttal, having called Mrs. Fowler to rebut certain evidence of a conversation alleged to have occurred between herself and one Steward, which was made a part of the defense; that is, the evidence of Steward.
On pages 7, 8 and 9 we have the action of the court on the question as to the charge and the plea of guilty before the justice of the peace. First. On page 7:
“Was the affidavit read to him ? A. I don't know whether I read the affidavit to him, or stated its contents. Q. Well, you may state what he said to it.
“Counsel for defendant objected for the reason that if anything is to be claimed frim the record made in the docket, that the court, as such, only speaks through the entry that he makes, and that he cannot explain orally anything that he entered as a matter of judgment at that time”.
The court states his position, and says:
“The record, of course, can not be varied, but if Hendricks told him about it, or made declarations, that *599 is perfectly competent. You have shown what the witness says about the reading of the affidavit; then, so far as the plea is concerned, the docket is the evidence. ”
“Q, Did he have any attorney there? A. No, he had no attorney at the office. Q. Did he have any attorney there afterwards? A. No, sir.”
“Counsel for plaintiff here offered in evidence a portion of the above docket. Counsel for defendant objected. The court overruled the objection, to which ruling, counsel for defendant then and there excepted.”
The charge was read, and the plea rf guilty.
In order to discover the effect of this, it is necessary to make reference to the charge of the court respecting this very same subject-matter, which is as well objected to This is very lengthy. I will read a portion of it:
“Now, Gentlemen of the jury, in considering the matter of his guilt' — 'that is, of whether he did strike this blow, I want to say a word or two about the introduction here of the docket of Justice Pigg, where it is set forth that Mr. Hendricks plead guilty to a charge made in that docket, —a charge substantially of assault and battery. Now, Gentlemen, that does not prove that it is true — that is, that the facts alleged in the affidavit, that was read in your presence, are true; they are only to be considered by you as evidence. Now, if Mr. Hendricks, although he thought the charge was not true, merely pleaded guilty because it was the cheapest way of getting out of it, it ought to have no effect here at all, Or, if he thought he was guilty of a technical assault and battery —some little assault and battery that he was bound, upon a trial, to be convicted of anyhow, it is not evidence that it goes on any further than what would be merely such a battery as would justify the giving of nominal damages. That is the weakest kind of assault and battery.”
That is about all that the court says that is important here. What the court said respecting this, and the fact that all was excluded excepting the charge that was made against him and his plea, we think was perfectly competent under this issue; and, as restricted by the court, that the court *600 went as far as he could without giving the other side a right to complain in reference to what was said about that admission which was then in evidence. We think it was perfectly proper, and that the court guarded it to the very limit in the charge; that is, pared away the effect of it.
I will not refer to all of these exceptions, because they are comprehended under the divisions that I have made here.
As to the evidence regarding the amount of property and wealth of the defendant as it bears upon his ability to respond in damages: In a case of this kind, there certainly can be no question about the right to introduce evidence of that character. Attorney fees are allowed even as a part of compensatory damages, without any reference to punitive damages, in a case of this kind. As a matter of course,it is proper to charge as to punitive damages in this kind of a case, being one of assault and battery; and we have the authority of the 37 Ohio St., 10; 27 Ohio St. 292,21 Ohio St. 545 and 10 Ohio.St. 278; the 27 Ohio St. respecting the very question as to the amount of property, or wealth, of the party, as it bears upon the question of his ability to respond in damages. 21 Ohio St. 545, is an action for slander. The question was somewhat mooted there as to whether or not it was a case in which punitive damages did figure, or simply compensatory damages,and whether or not the amount of defendant’s property could be gone into. But it is clearly settled in Ohio that in a case of this kind, it is a proper subject-matter of inquiry —'that is, of the ability of the party to respond in damages. 10 Ohio St. and 37 Ohio St. are authority for allowing attorney fees as part of compensatory damages.
Mr. Steward took the stand and testified as to certain conversations that he had had with the plaintiff Mary O. Fowler; and, in rebuttal, she was called and gave her version of those conversations. We can see no reason why any quest *601 ion ought to be made. It is what occurs every day in trials. It is perfectly proper.
I have referred to this portion of the charge here simply to show how the matter of the plea of guilty and the charge was presented to the jury; and we think, in that there was no error at all, but it was limited by the court so that the defendant could not certainly complain.
I will say in passing, that the verdict is not against the' weight of the evidence, as this court must regard it, in any sense,
There are numerous special exceptions to the charge. I read from the charge: “It is not necesary for me, Gentlemen of the jury, to give you a definition of assault and battery in this case.” This was a civil action, and we see no error in the court saying that it is not necessary for him to do so, because if, the law were properly charged in a case of this kind, it was not necessary to enter into a technical definition of assault and battery,
The further statement is made:
“Now, the burden of proof is upon the plaintiff to show you that Mr. Hendricks, the defendant, committed this act of assault and battery. The burden of proof is upon her to show that he did commit that act. The burden of proof requires her to produce a preponderance of the evidence that what she asserts is true. And the force of the burden of proof is this: If the evidence is so nearly equal upon each side that you cannot tell where the truth lies (and some cases happen that way) then the person who hears the burden of proof, and must show you a preponderance of the evidence, must lose the case; and your verdict goes upon the other side, because the person has not shown you by a preponderance of the evidence.”
The court here states in the plainest possible terms the rule that is objected to, unless it is the peculiar phraseology used(the court departs somewhat from the usual way of putting this), but the court puts the rule.
*602 “But when you determine the truth, Gentlemen, that settles it. There is no weight of evidence about anything else than the truth; and where the witnesses testify in a contradictory manner, it is your business, as men and jurors, to find out where the truth is. Sometimes, I am free to say, it cannot be done; but when it cannot be done, the side that has to prove it must lose.”
It might be said that this is not stated in the most felicitous way, but the court is orally charging the jury, and the thing to be looked at after all is whether the jury could have been prejudiced by what the court said.
“There is no weight of evidence about anything else than the truth.” The court means to saj to the jury, and does say, that they will sift the evidence, and that they will determine the truth on either side of the case, and if the evidence simply on the one side, where the burden is cast, does not outweigh the other, that that party must fail. That is all the court says, and all the construction that could be put on that.
Counsel for defendant then and there excepted to the following:
“If you find that Mr, Hendricks did strike Mrs. Fowler in the face, causing what damage you may find was done to her, and injuring her face, whatever you may find then you will find a verdict in her favor, unless you would find that Mr. Hendricks did it in self-defense; and that he used in self-defense only that amount of force which was necessary, reasonably, to protect him from further blows, or in the anticipation of further blows, if Mrs, Fowler committed the assault,”
These isolated paragraphs drawn out of the charge do not do the charge justice; but this, read in connection with what the court said, and standing alone in this case, and under this record, the court does not see that there was any prejudicial error whatever; but, in connection with the whole charge as given to the jury, it was certainly proper, as will be seen from some portions that follow:
“He has no business to use any more force than is reasonably necessary to do that; but the law does not hold a *603 man to a strict accountability just for the exact force which will do it.”
That we know is a recognized authority. If the situation is as is stated here, he has a right to use sufficient force to-repel an assault; he is riot held to an accountability, to a-just measure to a certain exactness of the degree of force; but, as the court said before, and follows it up by saying-that he cannot use a greater degree of force than is necessary to repel an assault or save his life or himself from-bodily harm.
‘ ‘Of course,when an assault of that kind is committed, he-could not make that a pretext for turning around and attempting to kill Mrs. Fowler, or anything of that kind, because that would not be contained in what is necessary to-defend himself at all.”
This is drawn out of its connection in the charge, and the court having said what I have read just preceding this, then simply says to the jury what would be going beyond', what would be justifiable in self-defense.
‘‘If you find, however, that he commenced the assault by striking that blow, or that, if she commenced the assault, the blow exceeded the force necessary for him to make use-of to defend himself from her attack under the circumstances, then you may go on and consider the matter of damages, and you will find a verdict for her, if you find those-things.”
The converse of that is charged:
‘‘In making up this compensatory damages, you may allow for her feelings, her pain, suffering, and for the humiliation, if you find that that is so — her being knocked-down in the road in the presence of other people; and if' her health was injured permanently (if you find that from the evidence),you may allow her such damages as you think she ought to have on account of impaired health.”
That is justified by the authorities in a case of this kind.
‘‘There is another kind of damages, which, if the circumstances are such, you may allow, and that is called punitive damages. They are damages in which the plaintiff has no-interest personally at all, but they are such damages as are allowed in cases of a malicious, wanton attack upon the per *604 son of another, and an attack accompanied by insult and ignominy. ”
J. B. Jones, for Plaintiff in Error.
J. A. Flory, for Defendant in Error.
And there are some two or three exceptions stated in his charge in respect to punitive damages. .
“Now, you understand that this must be an act of malice now; he must have struck this blow, if you find that he did strike it, with a purpose of injuring her; with mischief in his hatred, or ill-will, or under circumstances of insult,and things of that kind.”
If anybody could complain of that, it would be the other side.
“If this blow was struck in a sudden, quarrel, and under circumstances when he was angry, it might not be the kind of malice that would require you to put on an amount to punish him for doing it.”
Then we come to the portion of the charge as to the plea before the justice of the peace; and that I will not refer to again.
This covers nearly all of the exceptions. We have carefully examined all of them, and, under this record, we see no prejudicial error in this case.
The judgment is affirmed.